# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS L. WEAVER,** | : CIVIL ACTION NO. 1:06-CV-01768 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **JOHN PALAKOVICH, et al.,** | : |
| Respondents. | : |

## MEMORANDUM

**I.    Background**

Petitioner, Dennis L. Weaver, an inmate currently incarcerated at the State Correctional Institution-Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on September 11, 2006.  In the petition, petitioner challenges the validity of his guilty plea entered on April 7, 1997, in the Court of Common Pleas of Perry County, Pennsylvania.

Following several orders granting petitioner extensions of time in which to file a memorandum of law in support of his petition, (see Docs. 7 & 11), the court issued an order to show cause on January 25, 2007, directing respondents to file a response to the petition within twenty (20) days of the date of the order.  (Doc. 21.) Respondents filed a response to the petition on February 8, 2007.  (Doc. 24.)  To date, petitioner has not filed a traverse.

On May 23, 2007, petitioner filed a motion for an order to show cause why respondents should not be deemed to have waived their right to assert any

procedural default claims or affirmative defenses. (Doc. 25.) In his memorandum of law in support of the motion (Doc. 26), petitioner asserted that respondents have failed to file a response to his habeas petition. However, the court's electronic filing system indicates that the response was timely filed on February 8, 2007. It being apparent that petitioner had not received the response to his habeas petition, and in the interests of justice to this *pro se* litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), on May 29, 2007, the court granted petitioner fifteen (15) days from the date of the order in which to file a traverse to the response to the habeas petition. (See Doc. 27.)

Presently pending before the court is petitioner's motion for an extension of time and/or motion to stay the proceedings. (Doc. 29.) In the motion, petitioner again asserts that he has received no response from respondents, nor has he received any direction from the court as to the matter. He also asserts that due to his placement in administrative custody as of May 16, 2007, he is unable to receive legal assistance for the preparation of court filings.

## II.   Discussion

First, to the extent that petitioner seeks additional time in which to prepare a traverse, the court has already addressed petitioner's request in its order dated May 29, 2007. (See Doc. 27.) In that order, the court allowed petitioner fifteen (15) days from the date of the order in which to file a traverse, if he so desires. In addition, the court directed the Clerk of Court to attach a copy of respondents' timely filed response to the habeas petition. Apparently, petitioner had not yet received that

order at the time he drafted the instant motion.[1] Thus, due to petitioner's placement in restricted housing which limits his access to the prison's law library,[2] and in the interests of justice to this *pro se* litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court will grant petitioner an additional fifteen (15) days in which to file a traverse, if he so desires. If petitioner is unable to respond within this time frame, it is incumbent upon him to timely seek an extension from the court and state his reasons for seeking such an extension.

In addition, to the extent that petitioner seeks a stay of proceedings based on his apparent inability to receive legal assistance,[3] the court notes that, to date, in this *pro se* litigation petitioner has been able to adequately communicate with the court and he has already performed the bulk of the work required in the filing of a petition for writ of habeas corpus prior to the court's determination of entitlement

---

[1] Petitioner's motion, in letter form, is dated May 30, 2007, by petitioner (see Doc. 29, p. 2), and date stamped June 4, 2007, by the United States Post Office. (See Doc. 29, p. 3.)

[2] See infra, note 3 at 3.

[3] Petitioner asserts that pursuant to Pennsylvania Department of Corrections ("DOC") policy DC-ADM 007, "Access to Provided Legal Services," inmates in restricted housing are prohibited from receiving assistance from inmate legal reference aids. While it is true that DOC policy does not allow inmates in restricted housing to receive assistance from inmate legal reference aids, see DC-ADM 007(VI)(G)(3)(f), petitioner, a *pro se* litigant, is not prohibited from accessing the mini law library in his restricted housing unit. See DC-ADM 007(VI)(B)(3)("[U]se of the Mini Law Library at a facility shall be limited to each inmate housed in [restricted housing] located at such facility. Research periods will be scheduled and assigned in time blocks of two hours each, *for a maximum of six hours per week.*").

to relief.[4]  Further, petitioner has not filed a motion for appointment of counsel. Thus, the court will deny petitioner's motion to stay the proceedings.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 12, 2007

---

[4]  A petitioner is not required to file a reply to the response to his habeas petition.  See R. GOVERNING § 2254 CASES R. 5(e) ("The petitioner *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge") (emphasis added).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS L. WEAVER,** | : | CIVIL ACTION NO. 1:06-CV-01768 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH**, et al., | : | |
| | : | |
| Respondents. | : | |

## **ORDER**

AND NOW, this 12th day of June, 2007, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The motion for an extension of time (Doc. 29) is GRANTED. Petitioner shall be permitted to file a reply to the response to the petition within fifteen (15) days of the date of this order.

2. The motion to stay proceedings (Doc. 29) is DENIED.


                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge