## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS L. WEAVER,** | : | **CIVIL ACTION NO. 1:06-CV-01768** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |

### <u>MEMORANDUM</u>

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on September 11, 2006, by petitioner Dennis L. Weaver ("Weaver"), an inmate currently incarcerated at the State Correctional Institution-Smithfield in Huntingdon, Pennsylvania.[1]  (Doc. 1.)  Weaver is challenging the validity of his guilty plea entered on April 7, 1997, in the Court of Common Pleas for Perry County, Pennsylvania ("trial court").  For the reasons that follow, the petition will be dismissed.

---

[1]Weaver has filed three (3) prior habeas petitions under 28 U.S.C. § 2254.  <u>See</u> (Doc. 17), <u>Weaver v. Strickland</u>, No. 3:02-CV-1047 (M.D. Pa. Sept. 24, 2002) (dismissing petition for failure to challenge the fact or duration of his confinement); (Doc. 5), <u>Weaver v. Steckman</u>, No. 1:02-CV-1984 (M.D. Pa. Jan. 3, 2003) (granting petitioner's motion for voluntary dismissal and dismissing petition without prejudice); (Doc. 10), <u>Weaver v. Palakovich</u>, No. 1:03-CV-2134 (M.D. Pa. Jan. 5, 2004) (dismissing petition without prejudice for failure to file petition in the form prescribed by local rules and the Rules Governing Section 2254 Cases in the United States District Courts).  Weaver indicates that since the court's dismissals of these petitions he has returned to the state courts.

I.     **Procedural History**

On November 8, 2006, Weaver filed a notice of election (Doc. 10) indicating he wished to proceed with his petition as filed.  He also filed a motion for an extension of time to file a supporting memorandum of law.  (Doc. 9.)  The court granted his motion, and Weaver filed his supporting memorandum of law on December 26, 2006.  (Doc. 18.)  On January 25, 2007, the court ordered service upon the respondents and directed them to answer the petition.

On February 8, 2007, respondents filed their answer asserting that Weaver's petition is time barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d).  The parties have fully briefed this issue, which is ripe for decision.

II.    **Discussion**

A.     **Relevant Legal Standard**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d)(1).  Additionally, the court may only reach the merits of a petitioner's federal claims if each claim in the petition (1) has been exhausted in the state courts, and (2) is not procedurally defaulted.  See 28 U.S.C. § 2254(b)(1)(A);

2

Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004).  Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (internal quotations and additional citations omitted).  In order to provide the state with the opportunity to address the prisoner's federal claims, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  Id. (citing Duncan, 513 U.S. at 365-66).

**B.    Timeliness of Habeas Petition**

A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see generally Jones v. Morton, 195 F.3d 153, 157 (3d Cir.

1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal

judgment becomes "final," and the statute of limitations begins to run, "at the

conclusion of review in the United States Supreme Court or when the time for

seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575 (3d

Cir. 1999).

Further, section 2244(d)(2) operates to exclude only the time within which a

"properly filed application" for post-conviction relief is pending in state court.

Thus, when a petition or appeal has concluded and is no longer pending, the one

year statute of limitations starts to run and the time is counted.  A "properly filed

application" for post-conviction relief under § 2244(d)(2) is one submitted according

to the state's procedural requirements, such as rules governing time and place of

filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998); see also Harris v.

Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon

conclusion of *direct review* of a judgment of conviction, the one-year period within

which to file a federal habeas corpus petition commences, but the running of the

period is suspended for the period when state post-conviction proceedings are

*pending* in any state court.").  The United States Court of Appeals for the Third

Circuit has defined "pending" to include the time during which a petitioner may

seek discretionary state court review of a denial of post-conviction relief, whether or

not such review is sought.  Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000).

"Pending," however, does not include the period during which a state prisoner may

file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  Stokes v. Dist. Att'y, 247 F.3d 539, 542 (3d Cir. 2001).  The conclusion of state post-conviction review does not reset the limitations period but merely recommences that portion of the period which did not expire prior to the proceedings for post-conviction relief.  See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); Bunnell v. Yunkins, No. 00-CV-73313, 2001 WL 278259, at *2 (E.D. Mich. Feb. 14, 2001) ("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").  The statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.  Jones, 195 F.3d at 158.

In the present case, on June 16, 1997, before the trial court Weaver entered a guilty plea to thirty-one counts of corruption of minors, see 18 PA. CONS. STAT. § 6301; thirty-one counts of indecent assault, see id. § 3126; and three counts of aggravated indecent assault, see id. § 3125.  On August 14, 1997, the trial court sentenced Weaver to a term of imprisonment for a period of not less than seventeen and one-half years and not more than thirty-five years on two counts of aggravated indecent assault and three counts of corruption of minors.  Weaver was represented by counsel at the time of the guilty plea and at sentencing.

Following the imposition of sentence, Weaver retained new counsel, who filed motions to withdraw the guilty plea and to modify the sentence.  The trial court denied the motions and a timely appeal was taken to the Pennsylvania

5

Superior Court.  On January 28, 1999, the superior court affirmed the judgment of sentence.  Commonwealth v. Weaver, 736 A.2d 919 (Pa. Super. Ct. 1999) (mem.). The Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal on September 28, 1999.  Commonwealth v. Weaver, 743 A.2d 919 (Pa. 1999) (mem.).

On December 27, 1999, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, Weaver's conviction became final.  See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) ("After ninety days, the Pennsylvania Supreme Court's decision became final because the time for seeking certiorari expired.").  Thus, the limitations period for filing a § 2254 petition began on December 27, 1999, and Weaver had until December 27, 2000, to file a timely habeas corpus petition.

On September 24, 2000,[2] 273 days after his conviction became final, Weaver filed a petition for post-conviction collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, in the trial court. Following a hearing, the trial court, now serving as the PCRA court, dismissed the petition on February 8, 2002.  Weaver filed a *pro se* appeal from that order to the superior court.  On February 26, 2003, that court quashed the appeal pursuant to Rule 2101 of the Pennsylvania Rules of Appellate Procedure for substantial defects in Weaver's brief that precluded the court from conducting any meaningful

---

[2]The state courts assert that Weaver filed his PRCA petition on September 27, 2000.  However, in his traverse Weaver claims that he placed the PCRA petition in the prison mailbox on September 24, 2000.  (Doc. 39 at 1.)  For purposes of review here, the court will adopt the September 24, 2000, filing date.

appellate review.  The Pennsylvania Supreme Court denied Weaver's petition for

allowance of appeal on October 31, 2003.

On December 12, 2003,[3] Weaver filed a second PCRA petition in the trial

court.  The trial court dismissed the second PCRA petition on February 28, 2005, as

---

[3]Respondents assert that Weaver filed his second PCRA petition on December 18, 2003.  (Doc. 24-1 at 2.)  However, in his traverse Weaver claims that he placed the second PCRA petition in the prison mailbox on December 12, 2003. (Doc. 39 at 14.)  For purposes of review here, the court will adopt the December 12, 2003, filing date.

untimely under 42 PA. CONS. STAT. § 9545(b).[4]  Weaver appealed to the superior

court, which affirmed the PCRA court decision on March 6, 2006.  <u>Commonwealth</u>

<u>v. Weaver</u>, 898 A.2d 1135 (Pa. Super. Ct. 2006) (mem.).  The court found that the

second petition, filed more than four years after Weaver's judgment of sentence

became final, failed to comply with the one-year limitations period under the PCRA.

(Doc. 24-2 at 30.)  Further, the court concluded that Weaver's untimely PCRA

---

[4]Section 9545 of Title 42 of the Pennsylvania Consolidated Statutes provides, in pertinent part:

(b) Time for filing petition.—
 (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

 (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

 (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 PA. CONS. STAT. § 9545(b).

petition "cannot be saved by virtue of the strength or nature of the claims raised therein."  (Id. at 34.)  The Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal on August 8, 2006.  Commonwealth v. Weaver, 906 A.2d 543 (Pa.  2006) (mem.).

On September 11, 2006, the instant petition for writ of habeas corpus was filed.  (Doc. 1.)  This petition is untimely.  Weaver's judgment and sentence became final on December 27, 1999, ninety days after the Pennsylvania Supreme Court denied his initial petition for allowance of appeal.  The one-year limitations period prescribed by § 2244(d) for filing a federal habeas petition commenced on that date. The limitations period was tolled when Weaver filed his first PCRA petition on September 24, 2000, 273 days after it commenced.  This left ninety-two days of the one-year period unexpired.  The statute of limitations was tolled while Weaver's first PCRA petition was pending from September 24, 2000 to October 31, 2003, the date the Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal from the adverse PCRA ruling.  The remaining ninety-two days of limitations period therefore commenced after October 31, 2003.  Weaver's second PCRA petition, filed December 12, 2003, did not toll the statute of limitations under § 2244(d)(2) because it was improperly filed.  See Lovasz, 134 F.3d at 148.  The remaining ninety-two days of limitations period therefore commenced after October 31, 2003 and ended on January 31, 2004,[5] which marked the expiration of Weaver's

[5]Weaver's prior habeas petitions filed in this court did not toll the statute of limitations under § 2244(d).  See Jones, 195 F.3d at 158.

one-year statute of limitations for filing a habeas petition under § 2254.  See 28

U.S.C. § 2244(d).[6]  As a result, the instant petition, filed September 11, 2006, was

filed well after the one-year statute of limitations set forth in § 2244(d).

**III.   Conclusion**

Based on the foregoing determination that Weaver's petition is time barred

by the statute of limitations provided by 28 U.S.C. § 2244(d), the petition for writ of

habeas corpus (Doc. 1) will be dismissed.

An appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        December 17, 2007

---

[6]The court notes that it dismissed without prejudice Weaver's latest habeas
petition on January 5, 2004, for failure to file a petition in the form prescribed with
the local rules and the Rules Governing Section 2254 Cases in the United States
District Courts, see Weaver v. Palakovich, no. 1:03-CV-2134 (M.D. Pa. Jan. 5, 2004)
(Conner, J.), leaving Weaver with twenty-six (26) days in which to file a timely
habeas petition.  Weaver, however, did not return to the court with the instant
petition until September 11, 2006.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS L. WEAVER,** | : | **CIVIL ACTION NO. 1:06-CV-01768** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

## ORDER

AND NOW, this 17th day of December, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as time barred by the statute of limitations provided by 28 U.S.C. § 2244(d).

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge