## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS L. WEAVER,** | : | **CIVIL ACTION NO. 1:06-CV-01768** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH**, et al., | : | |
| | : | |
| **Respondents.** | : | |

## <u>MEMORANDUM</u>

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on September 11, 2006, by petitioner Dennis L. Weaver ("Weaver"), an inmate currently incarcerated at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania.  (Doc. 1.)  Weaver is challenging the validity of his guilty plea entered on April 7, 1997, in the Court of Common Pleas for Perry County, Pennsylvania ("trial court").  For the reasons that follow, the petition will be dismissed.

## I.   <u>Procedural History</u>

On November 8, 2006, Weaver filed a notice of election (Doc. 10) indicating he wished to proceed with his petition as filed.  He also filed a motion for an extension of time to file a supporting memorandum of law.  (Doc. 9.)  The court granted his motion, and Weaver filed his supporting memorandum of law on December 26, 2006.  (Doc. 18.)  On January 25, 2007, the court ordered service upon the respondents and directed them to answer the petition.

On February 8, 2007, respondents filed their answer asserting that Weaver's petition is time barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d). The parties have fully briefed this issue, which is ripe for decision.

## II.   Discussion

### A.   Relevant Legal Standard

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Additionally, the court may only reach the merits of a petitioner's federal claims if each claim in the petition (1) has been exhausted in the state courts, and (2) is not procedurally defaulted. See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004). Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (internal quotations and additional citations omitted). In order to provide the state with the opportunity to address the prisoner's federal claims, a state prisoner must "'fairly present' his claim in each appropriate state court

2

(including a state supreme court with powers of discretionary review), thereby

alerting that court to the federal nature of the claim.  Id. (citing <u>Duncan</u>, 513 U.S. at

365-66).

> **B.**   **Timeliness of Habeas Petition**

A state prisoner requesting habeas corpus relief pursuant to § 2254 must

adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review . . . .
>
> . . .
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); <u>see generally</u> <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir.

1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal

judgment becomes "final," and the statute of limitations begins to run, "at the

conclusion of review in the United States Supreme Court or when the time for

seeking certiorari review expires."  <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d

Cir. 1999).

In the present case, on June 16, 1997, before the trial court Weaver entered a guilty plea to thirty-one counts of corruption of minors, <u>see</u> 18 PA. CONS. STAT. § 6301; thirty-one counts of indecent assault, <u>see</u> <u>id.</u> § 3126; and three counts of aggravated indecent assault, <u>see</u> <u>id.</u> § 3125.  On August 14, 1997, the trial court sentenced Weaver to a term of imprisonment for a period of not less than seventeen and one-half years and not more than thirty-five years on two counts of aggravated indecent assault and three counts of corruption of minors.  Weaver was represented by counsel at the time of the guilty plea and at sentencing.

Following the imposition of sentence, Weaver retained new counsel, who filed motions to withdraw the guilty plea and to modify the sentence.  The trial court denied the motions and a timely appeal was taken to the Pennsylvania Superior Court.  On January 28, 1999, the superior court affirmed the judgment of sentence.  <u>Commonwealth v. Weaver</u>, 736 A.2d 919 (Pa. Super. Ct. 1999) (mem.).  The Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal on September 28, 1999.  <u>Commonwealth v. Weaver</u>, 743 A.2d 919 (Pa. 1999) (mem.).  On December 27, 1999, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, Weaver's conviction became final.  See <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999) ("After ninety days, the Pennsylvania Supreme Court's decision became final because the time for seeking certiorari expired.").  Thus, the limitations period for filing a § 2254 petition began on December 27, 1999, and Weaver had until December 27, 2000, to file a timely habeas corpus petition.  However, the Court's analysis does not end here.  The statute of

4

limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and

equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v.

N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).

        1.     Statutory Tolling

Section 2244(d)(2) requires statutory tolling under the following

circumstances:  "The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this

subsection."  28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) operates to exclude only the

time within which a "properly filed application" for post-conviction relief is pending

in state court.  Thus, when a petition or appeal has concluded and is no longer

pending, the one year statute of limitations starts to run and the time is counted.  A

"properly filed application" for post-conviction relief under § 2244(d)(2) is one

submitted according to the state's procedural requirements, such as rules

governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.

1998); see also Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he

AEDPA provides that upon conclusion of *direct review* of a judgment of conviction,

the one-year period within which to file a federal habeas corpus petition

commences, but the running of the period is suspended for the period when state

post-conviction proceedings are *pending* in any state court.").  The United States

Court of Appeals for the Third Circuit has defined "pending" to include the time

during which a petitioner may seek discretionary state court review of a denial of

post-conviction relief, whether or not such review is sought.  <u>Swartz v. Meyers</u>, 204

F.3d 417, 420 (3d Cir. 2000).  "Pending," however, does not include the period

during which a state prisoner may file a petition for writ of certiorari in the United

States Supreme Court from the denial of his state post-conviction petition.  <u>Stokes</u>

<u>v. Dist. Att'y</u>, 247 F.3d 539, 542 (3d Cir. 2001).  The conclusion of state post

-conviction review does not reset the limitations period but merely recommences

that portion of the period which did not expire prior to the proceedings for

post-conviction relief.  <u>See</u> <u>Johnson v. Hendricks</u>, 314 F.3d 159, 161-62 (3d Cir. 2002)

(citing <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000); <u>Bunnell v. Yunkins</u>, No.

00-CV-73313, 2001 WL 278259, at *2 (E.D. Mich. Feb. 14, 2001) ("Contrary to

Petitioner's assertion, the limitations period did not begin to run anew after the

completion of his post-conviction proceedings.").  The statute of limitations is not

tolled under § 2244(d)(2) for the time during which a habeas petition is pending in

federal court.  <u>Jones</u>, 195 F.3d at 158.

    As noted above, the limitations period for filing a § 2254 petition began on

December 27, 1999, and Weaver had until December 27, 2000, to file a timely habeas

corpus petition.  However, on September 24, 2000,[1] 273 days after his conviction

became final, Weaver filed a petition for post-conviction collateral relief under the

Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46,

_____

    [1]The state courts report that Weaver filed his PRCA petition on
September 27, 2000.  However, in his traverse Weaver claims that he placed the
PCRA petition in the prison mailbox on September 24, 2000.  (Doc. 39 at 1.)  For
purposes of review here, the court will adopt the September 24, 2000, filing date.

in the trial court.  Following a hearing, the trial court, now serving as the PCRA court, dismissed the petition on February 8, 2002.  Weaver filed a *pro se* appeal from that order to the superior court.[2]  On February 26, 2003, that court quashed the appeal pursuant to Rule 2101 of the Pennsylvania Rules of Appellate Procedure for substantial defects in Weaver's brief that precluded the court from conducting any meaningful appellate review.  The Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal on October 31, 2003.

Less than a month later, on November 24, 2003, he filed a "Notice of Appeal" in this court.  Weaver v. Palakovich, No. 1:03-CV-2134.  Therein, he requested "a Standard 2254 form" and a ninety-day extension of time to file the form.  Id. at Doc. 1.  On January 5, 2004, an order was entered construing the notice of appeal as a request for a standard form for a petition of writ of habeas corpus and the matter was dismissed without prejudice to his right to file a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254.

On December 12, 2003,[3] Weaver filed a second PCRA petition in the trial court.  The trial court dismissed the second PCRA petition on February 28, 2005, as

---

[2]Also, during this time period, on November 1, 2002, Weaver filed a petition for writ of habeas corpus in federal court.  Weaver v. Steckman, No. 1:02-CV-1984.  However, on December 16, 2002, he voluntarily withdrew the petition so that he could complete pursuit of his state court remedies.

[3]Respondents assert that Weaver filed his second PCRA petition on December 18, 2003.  (Doc. 24-1 at 2.)  However, in his traverse Weaver claims that he placed the second PCRA petition in the prison mailbox on December 12, 2003. (Doc. 39 at 14.)  For purposes of review here, the court will adopt the December 12, 2003, filing date.

untimely under 42 PA. CONS. STAT. § 9545(b).[4]  Weaver appealed to the superior

court, which affirmed the PCRA court decision on March 6, 2006.  Commonwealth

v. Weaver, 898 A.2d 1135 (Pa. Super. Ct. 2006) (mem.).  The court found that the

second petition, filed more than four years after Weaver's judgment of sentence

---

[4]Section 9545 of Title 42 of the Pennsylvania Consolidated Statutes provides, in pertinent part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 PA. CONS. STAT. § 9545(b).

became final, failed to comply with the one-year limitations period under the PCRA. (Doc. 24-2 at 30.)  Further, the court concluded that Weaver's untimely PCRA petition "cannot be saved by virtue of the strength or nature of the claims raised therein."  (Id. at 34.)  The Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal on August 8, 2006.  Commonwealth v. Weaver, 906 A.2d 543 (Pa. 2006) (mem.).

On September 11, 2006, the instant petition for writ of habeas corpus was filed.  (Doc. 1.)  This petition is untimely.  Weaver's judgment and sentence became final on December 27, 1999, ninety days after the Pennsylvania Supreme Court denied his initial petition for allowance of appeal.  The one-year limitations period prescribed by § 2244(d) for filing a federal habeas petition commenced on that date. The limitations period was tolled when Weaver filed his first PCRA petition on September 24, 2000, 273 days after it commenced.  This left ninety-two days of the one-year period unexpired.  The statute of limitations was tolled while Weaver's first PCRA petition was pending from September 24, 2000 to October 31, 2003, the date the Pennsylvania Supreme Court denied Weaver's petition for allowance of appeal from the adverse PCRA ruling.  The remaining ninety-two days of limitations period therefore commenced after October 31, 2003.  Weaver's second PCRA petition, filed December 12, 2003, did not toll the statute of limitations under § 2244(d)(2) because it was improperly filed.  See Lovasz, 134 F.3d at 148.  Inasmuch as Weaver argues that the second PCRA is an extension of the first, this argument has been explicitly rejected by the Pennsylvania courts.  See Commonwealth v.

9

Robinson, 575 Pa. 500, 837 A.2d 1157 (2003) (rejecting treatment of a serial PCRA

petition as if it was an "extension" of a timely, but previously dismissed, first PCRA

petition).  The remaining ninety-two days of limitations period therefore

commenced after October 31, 2003 and ended on January 31, 2004, which marked

the expiration of Weaver's one-year statute of limitations for filing a habeas petition

under § 2254.  See 28 U.S.C. § 2244(d).

Despite Weaver's argument to the contrary, his prior filings in this court did

not toll the statute of limitations under § 2244(d).  See Jones, 195 F.3d at 158.  He

voluntarily dismissed the § 2254 petition he filed in November 2002, because he had

not properly exhausted his state court remedies.   Weaver v. Steckman, 1:02-C-1984,

(Doc. 5.)  The 2003 filing was a one page document entitled  "notice of appeal"

requesting a 2254 form and a ninety-day extension of time to file the petition.  In

January 2004, it was construed as a request for a § 2254 form and dismissed without

prejudice to Weaver's right to file a § 2254 petition, leaving Weaver with twenty-six

(26) days in which to file a timely habeas petition.  At no time did Weaver seek

reconsideration of this order.  In fact, almost three months after the matter was

dismissed, Weaver filed a "motion to withdraw 2254 writ of habeas corpus without

prejudice," representing that he prematurely filed "this 2254 writ appeal" before

exhausting all state court remedys [sic]."   See Weaver v. Palakovich, No.

1:03-CV-2134, Doc. 10.  The motion was dismissed as moot.  See id.  Weaver did not

return to the court with the instant petition until September 11, 2006.  As a result,

the instant petition, filed September 11, 2006, with the benefit of all available

statutory tolling, was filed well after the one-year statute of limitations set forth in §

2244(d).

      2.      Equitable Tolling

      The AEDPA statute of limitations is also subject to equitable tolling.  See

Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the

burden of establishing two elements: (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005).  The Third Circuit instructs that equitable

tolling is appropriate when "the principles of equity would make the rigid

application of a limitation period unfair, such as when a state prisoner faces

extraordinary circumstances that prevent him from filing a timely habeas petition

and the prisoner has exercised reasonable diligence in attempting to investigate

and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere

excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at

618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Nor is attorney error.  See

Lawrence v. Florida, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007) ("Attorney

miscalculation is simply not sufficient to warrant equitable tolling, particularly in

the postconviction context where prisoners have no constitutional right to

counsel").  See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002)

(equitable tolling is not permitted even where the petitioner relied on erroneous

advice from his state public defender that he had one year from the state's denial of

post-conviction relief to file his federal habeas petition); <u>Fahy v. Horn</u>, 240 F.3d 239,

243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate

research, or other mistakes have not been found to rise to the 'extraordinary'

circumstances required for equitable tolling").

Weaver seeks to equitably toll the statute on the grounds that the following

extraordinary situations prevented him from asserting his rights: (1) his PCRA

attorney undermined his PCRA proceedings and abandoned him during the

appeals process; (2) the state court obstructed his ability to secure PCRA appeal

counsel and, (3) this court misled him with regard to the timeliness of his petition.

> a.   PCRA Attorney

Weaver contends that "[e]quitable tolling should be granted because counsel

appointed to represent the petitioner on his first state PCRA petition engaged in

egregious misconduct, effectively undermining petitioner's efforts to obtain

meaningful review of his federal claims through the state's post-conviction appeal

procedures (PCRA)."  (Doc. 62, at 2.)  He further contends that counsel abandoned

him.

By way of background, PCRA counsel was appointed to represent Weaver.

Because PCRA counsel was mishandling his case and the attorney-client

relationship had deteriorated, he filed a motion seeking counsel's removal.  (Doc.

62, at 33.)  The motion was denied and a hearing on the PCRA was held.  (Doc. 63.)

Subsequent to the hearing, Weaver raised a number of complaints with the PCRA

court, including his dissatisfaction with counsel for failing to meet with him the number of times he would have desired.  (Doc. 63, at 48.)  In the memorandum denying PCRA relief, the court noted that Weaver had failed to indicate any particular area where he was prejudiced by lack of preparation by his counsel.  The court found that "[o]n the contrary, defendant's attorney, at the conclusion of the hearing, indicated she had presented all of the issues she believed she should present and had done so to the extent necessary to adequately address same."  (Doc. 63, at 48.)  Following disposition of the petition, counsel moved to withdraw, stating "that she had taken the case as far as it can go in this branch of the Court system."  (Doc. 63, at 61-62.)  Counsel was directed to remain as counsel for purposes of perfecting the appeal.  The court then stated that "Ms. Wevodau's application for relief will be granted because, in our judgment, Mr. Weaver is substantially unrepresentable because of the volume and nature of demands on counsel.  He also is not entitled to free counsel by virtue of the funds available to him."  (Doc. 63-2, at 17.)  A notice of appeal was filed by PCRA counsel on March 26, 2002 (Court of Common Pleas of Perry County Electronic Docket sheet in matter of Commonwealth v. Weaver, No. 179-1997, found at http://ujsportal.pacourts.us), and docketed in the Superior Court of Pennsylvania on March 27, 2002.  (Doc. 63-2, at 21.)

There is no evidence that counsel undermined Weaver's PCRA petition.  As noted by the PCRA court, counsel had adequately presented all issues she believed she should present.  Nor is there any indication that counsel abandoned him during

13

the appellate process.  Counsel timely sought to withdraw and was permitted to do so only after Weaver's appeal was filed.  Weaver is not entitled to equitable tolling on this ground.

> b.   State Court

It is also argued that the PCRA judge "deliberately acted to obstruct his efforts to obtain a meaningful review at the state level of his federal constitutional claims by: (1) wrongly allowing court-appointed counsel to withdraw; (2) deliberately misrepresenting petitioner's true financial status in an effort to justify his decision to deny petitioner the assistance of court-appointed counsel; and (3) improperly obstructing petitioner's efforts to retain private counsel to represent him . . . by not promptly ordering the Prothonotary to release several thousand dollars of petitioner's money that was then 'frozen' in an escrow account under the Prothonotary's control."  (Doc. 62, at 25.)   We will address each issue in turn.

Pennsylvania Rule of Criminal Procedure 904 provides, in relevant part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa. R. Crim. P. 904(B).  In the instant matter, counsel was initially appointed for Weaver.  At some point during the proceedings, Weaver sought to have counsel removed because counsel was mishandling his case and the attorney-client relationship had deteriorated.  That motion was denied.  After the PCRA court held

a hearing and, prior to the court issuing its opinion, Weaver corresponded with the court again expressing dissatisfaction with his attorney.  (Doc. 63, at 48.) Thereafter, PCRA counsel moved to withdraw.  As noted above, counsel was permitted to withdraw, following the filing of a notice of appeal, based on the court's conclusion that Weaver was unrepresentable due to the volume and nature of his demands on counsel.

Counsel for a criminal defendant may withdraw at any stage of collateral proceedings if, in the exercise of professional judgment, it is determined that the issues raised in those proceedings are meritless and the post-conviction court concurs with his assessment.  See Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988).  A request to withdraw requires the filing of a "no-merit" letter pursuant to Turner, 518 Pa. 491, 544 A.2d 927, and Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (1988).[5]  Admittedly, counsel did not file a "no-merit" letter. However, focusing on the absence of the letter "would elevate form over both substantive and administrative interests."  See Commonwealth v. Harris, 381 Pa. Super. 206, 214-15, 533 A.2d 428, 433 (1989).  It is undisputed that the relationship between counsel and Weaver had severely deteriorated to the point of Weaver seeking to have counsel removed.  The situation did not improve as evidenced by Weaver's correspondence with the PCRA court following the PCRA hearing in

---

[5]In a "no merit" letter, counsel lists each issue sought to be reviewed, details the nature and extent of review of each issue, and explains why the issues are meritless.  Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (1988).

15

which he expresses that he was not effectively represented.  Notwithstanding the state of the relationship, counsel continued to represent Weaver and did not seek to withdraw until after a hearing was held and the PCRA court issued its opinion finding the petition to be without merit.  In addition, counsel filed a notice of appeal to protect Weaver's rights.

The PCRA court sought to protect Weaver's rights.  Counsel was not permitted to withdraw until after a notice of appeal was filed.  Further, in a letter written by the PCRA court to the Perry County Prothonotary seeking clarification of Weaver's assets, the PCRA court judge stated that "I am keeping Ms. Wevodau aboard so as to preserve appellate filing rights but in no way am directing her to subscribe to any matter except those having merit which hopefully can be advocated by replacement counsel in due course.  Ultimately, Ms. Wevodau will be relieved, substituted either by personal counsel retained by Mr. Weaver or by appointed counsel by the court."  (Doc. 63, at 80.)

Also of primary significance is the fact that because there is no federal constitutional right to counsel in collateral post-conviction proceedings, the failure to comply with the "no merit" letter requirements in allowing counsel to withdraw, does not rise to the level of an extraordinary circumstance for the purpose of equitable tolling.  See Commonwealth v. Perry, 386 Pa. Super. 534, 563 A.2d 511 (1989)(citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

Weaver further argues that the trial court deliberately misrepresented his true financial status in an effort to justify his decision to deny petitioner the assistance of court-appointed counsel.  This argument is wholly without merit.  Weaver does not dispute that he had sufficient funds in an escrow account for purposes of securing private counsel.  Further, there is no indication that he sought release of these funds and was denied.

Weaver suggests that the PCRA court improperly obstructed his efforts to retain private counsel by not promptly ordering the Prothonotary to release the funds from his escrow account.  The record indicates differently.  After Weaver's request for in forma pauperis status was denied by the PCRA court on March 29, 2002, rather than seek immediate disbursement of the escrow account funds, he filed an application to proceed in forma pauperis in the appellate court.  He also filed an application for appointment of counsel.  Both applications were denied on April 22, 2002.  On or about April 25, 2002, Weaver sought disbursement of the funds by filing a "rule to show cause" in both his criminal action and the civil "divorce/bifurcation" action, and a "motion for release of funds" in the civil divorce case.  (Doc. 63-2, at 24-27.)  In May 2002, Weaver filed a "motion for judgment" in the civil divorce action, again seeking release of the funds.  The funds were eventually distributed in mid-June.  (Doc. 63-2, at 32.)  Review of the documents reveals that the monies were being held as a result of a final order in Weaver's divorce proceeding and were completely unrelated to the criminal action.  (Doc. 63-

2, at 25-27.)  Consequently, the PCRA court would have been without authority to release the funds.

In addition, although the disbursement came after Weaver timely filed his appellate brief on June 7, 2002, he never notified the appellate court, as he now claims, that his efforts to secure private counsel were being hindered because he had not yet received the funds, that he was unable to file the brief on his own, or that he was in need of an enlargement of time to file his brief.  He simply filed the brief on June 7, 2002.

The above does not reveal the presence of extraordinary circumstances such that Weaver would be entitled to equitable tolling on this ground.

c.     Federal Court

Finally, Weaver argues that he should have been issued a stay and that this Court misled him by dismissing his 2003 matter without prejudice.  The stay and abeyance rule was announced in Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Significantly, the rule was not available at the time Weaver's 2003 matter was adjudicated and, while district courts have the discretion to stay mixed habeas corpus petitions, these stays are generally not issued retroactively.  Rhines v. Weber, 544 U.S. 269 (2005) (holding district courts have the discretion to grant a stay and abeyance for mixed petitions).  However,

18

even if the rule had been announced, a stay would not have been issued.  Stay and abeyance only applies to mixed habeas petitions and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Id. 277-78.  There was no way to determine whether Weaver was pursing a mixed petition because he failed to file a petition (Weaver had only filed a "notice of appeal" seeking a 2254 form and a request for an extension of time) and there was certainly no indication that Weaver was still pursuing state court remedies.  Weaver is not entitled to equitable tolling on this ground.

**III.   <u>Conclusion</u>**

Based on the foregoing determination that Weaver's petition is time barred by the statute of limitations provided by 28 U.S.C. § 2244(d), and that he is not entitled to either statutory or equitable tolling, the petition for writ of habeas corpus (Doc. 1) will be dismissed.

An appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      May 30, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS L. WEAVER,** | : | **CIVIL ACTION NO. 1:06-CV-01768** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of May, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DISMISSED as time barred by the statute of limitations provided by 28 U.S.C. § 2244(d).

2.  The motion for an evidentiary hearing (Doc. 81) is DENIED.

3.  The motion for appointment for counsel (Doc. 83) is DENIED for the reasons previously stated in the court's order dated July 10, 2007 (Doc. 35).

4.  Clerk of Court is directed to CLOSE this case.

5.  There is no basis for the issuance of a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).

<u>  S/ Christopher C. Conner   </u>
CHRISTOPHER C. CONNER
United States District Judge